```
            IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEBRASKA
UNITED STATES OF AMERICA,      )
                               )
              Plaintiff,       )        4:05CR3143
                               )
       v.                      )
                               )
THOMAS P. MCGINN,              )        MEMORANDUM AND ORDER
                               )
              Defendants.      )
                               )
```

Relying on Bruton v. United States, 391 U.S. 123 (1968), Thomas McGinn has moved to sever his trial from the trial of co-defendant Lisa McGinn. Filing 30. Thomas McGinn claims that Lisa McGinn made an inculpatory statement to Sean Brennan that will prejudice Thomas McGinn's rights at trial. Filing 31 (defendant's brief at p.2). He claims Lisa McGinn's statement may be considered admissible as an statement against penal interest in the government's case against Lisa McGinn and that Sean Brennan, Thomas McGinn's former counsel, will be called as a government witness to testify concerning this communication. He claims, however, that if his case is separately tried, Lisa McGinn's admission will be deemed inadmissible hearsay, and Mr. Brennan will assert the attorney-client privilege and refuse to testify against Thomas McGinn. He therefore claims a joint trial will permit the jury to hear evidence prejudicial to Thomas McGinn that would not be received as evidence in a trial solely against him, and no redactions or limiting instructions will sufficiently cure this prejudice.

The government objects to severing the trial. The government argues that "Lisa McGinn has provided no statements related to Thomas McGinn which can be used in the government's

case in chief." Filing 35 (government's brief) at p. 2. The government further claims that even assuming Lisa McGinn's communications with Sean Brennan would be relevant to the government's claim against Thomas McGinn, introducing them during a joint trial would not be prejudice Thomas McGinn. The government explains that irrespective of whether Thomas McGinn is tried separately or jointly with his wife, as it applies to the evidence relevant to this case, the attorney-client privilege will not prohibit disclosure of Sean Brennan's testimony regarding his communications with Thomas McGinn because attorney-client communications regarding the time and place to surrender for commencement of a sentence are not considered confidential communications protected by the attorney-client privilege, and therefore neither Thomas McGinn nor Sean Brennan can validly assert an attorney-client privilege as to those communications. Filing 35 (government's brief at p. 2)(citing In re Grand Jury Proc., Des Moines, Iowa, 568 F 2d. 555, 557 (8th Cir. 1977); United States v. Freeman, 519 F. 2d 67, 68 (9th Cir. 1975)(quoting United States v. Hall, 346 F. 2d 875, 882 (2d Cir. 1965); and United States v. Savage, 819 F. 2d 1139, 1987 WL37528, *2 (4th Cir. 1987)).

   The defendant has the burden of proving that, absent severing the claims, he will be prejudiced at trial. Williams v. United States, 416 F.2d 1064, 1070 (8th Cir. 1969).

>   [D]efendants who are jointly indicted on similar
>   evidence from the same or related events should
>   normally be tried together. . . . [T]o warrant
>   severance a defendant must show "real prejudice," that
>   is, "something more than the mere fact that he would
>   have had a better chance for acquittal had he been
>   tried separately."

United States v. Mickelson, 378 F.3d 810, 817 (8th Cir. 2004)(quoting United States v. Oakie, 12 F.3d 1436, 1441 (8th Cir. 1993)(citing United States v. Adkins, 842 F.2d 210, 211-12 (8th Cir.1988)).

    A defendant can prove real prejudice to his right to a fair trial by showing that either his defense is irreconcilable with that of his co-defendant, or that the jury will be unable to compartmentalize the evidence as it relates to the separate defendants.  Mickelson, 378 F.3d at 817 (citing United States v. Washington, 318 F.3d 845, 858 (8th Cir. 2003); United States v. Jackson, 64 F.3d 1213, 1217 (8th Cir. 1995).  However, "[s]everance is not required merely because evidence that is admissible only against some defendants may be damaging to others."  Mickelson, 378 F.3d at 817.  A motion for severance may be denied even though the defendant argues that "not every joined defendant has participated in every offense charged," or that "there is varying strength in the evidence against each defendant."  United States v. Lee, 374 F.3d 637, 646 (8th Cir. 2004)(internal citations omitted).  When such concerns are raised, "[t]he risk of prejudice posed by joint trials is best cured by careful and thorough jury instructions."  Mickelson, 378 F.3d at 817.

    Both Thomas McGinn and Lisa McGinn (charged as an aider and abettor under 18 U.S.C. § 2) were indicted for violating 18 U.S.C. § 3146(a)(2) because Thomas McGinn failed to "surrender for service of sentence pursuant to a court order," (18 U.S.C. § 3146(a)(2)).  As to its charge against Thomas McGinn, the government must prove Thomas McGinn was released pending judicial proceedings, was required to appear in court, he was aware of his required appearance, and he willfully failed to appear.  See

United States v. McGill, 604 F.2d 1252 (9th Cir. 1979)(relied on by United States v. Morris, 230 F.3d 1364, 2000 WL 1280361, *1 (8th Cir. 2000)(unpublished)).  As to its charge against Lisa McGinn, the government must prove she knowingly and willfully associated, participated, and acted with Thomas McGinn to successfully commit this crime.  United States v. Wedelstedt, 589 F.2d 339, 349 (8th Cir. 1978)

Both parties apparently agree that Sean Brennan's communications with Lisa McGinn are not protected by the attorney-client privilege, but neither party has advised the court as to precisely what was communicated.  Defendant Thomas McGinn argues that Sean Brennan's testimony "will show that Lisa McGinn knew that Thomas McGinn's self-surrender status was revoked and he was ordered to report to the United States Marshal's Office in Lincoln to begin his sentence."  Filing 31 (defendant Thomas McGinn's brief) at p. 1.  The defendant argues that Lisa McGinn's communications with Sean Brennan "could be construed as admissions against her penal interest," (filing 31 (defendant Thomas McGinn's brief) at p. 1.), and "Lisa McGinn has given a statement which may implicate herself and Thomas McGinn."  Filing 31 (defendant Thomas McGinn's brief) at p. 2.  However, these vague references to the prejudicial effect of Sean Brennan's testimony on Thomas McGinn's trial are insufficient to warrant a severance.

The defendant has offered no specific evidence or argument as to the content of any testimonial or documentary evidence that could be offered through Sean Brennan.  More precisely, there is no specific explanation of how this evidence could be used to prove Thomas McGinn's personal knowledge of his surrender date, or any other element of the government's case against Thomas

4

McGinn.  I therefore cannot determine if <u>Bruton</u> is truly applicable to this case.  <u>United States v. Logan</u>, 210 F.3d 820, 822 (8th Cir. 2000)("[T]here is no violation [of <u>Bruton</u>] where the [co-defendant's] confession implicates the defendant only when linked to other evidence."); <u>United States v. Rizzo</u>, 487 F.Supp. 323, 324 (D.C.Mo. 1980)(holding that severance was not warranted under a <u>Bruton</u> analysis where the court was not informed of the nature of the statements to which the defendants referred).

   Absent some specific information concerning Lisa McGinn's statements to be presented through Sean Brennan's testimony, I also cannot assess defendant Thomas McGinn's claims that neither redaction of any documentary evidence nor limiting instructions as to testimonial evidence could cure the prejudice of a joint trial.  See <u>United States v. Chapman</u>, 345 F.3d 630, 634 (8th Cir. 2003)(holding that had the defendants been tried jointly, the government could have admitted on defendant's statement against him without violating the other's confrontation clause rights if the statements were properly redacted and a cautionary instruction given); <u>United States v. Donahue</u>, 948 F.2d 438, 443 (8th Cir. 1991)("[T]he Confrontation Clause is not violated by the admission of a nontestifying codefendant's confession with a proper limiting instruction when ... the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence.").

   Rule 14(b) of the Federal Rules of Criminal Procedure provides that "[b]efore ruling on a defendant's motion to sever, the court may order an attorney for the government to deliver to the court for in camera inspection any defendant's statement that the government intends to use as evidence."  I conclude, however,

that under the arguments presented in this case, a hearing or *in camera* inspection before me is not warranted.  The government asserts that "Lisa McGinn has provided no statements related to Thomas McGinn which can be used in the government's case in chief."  Filing 35 (government's brief) at p. 2).  Where the government does not intend to introduce any statement made by a co-defendant to prove the defendant's guilt, an *in camera* review of the statement in question need not be conducted.

Moreover, the defendant requests severance on Bruton grounds, and even if I conducted a hearing and/or reviewed evidence *in camera* and concluded Lisa McGinn's statements could prejudice Thomas McGinn's trial, no final resolution on the motion to sever could properly be made by the undersigned prior to trial.

> The pre-trial judge, at this stage of the proceedings, cannot determine what evidence will be introduced or whether the trial judge will give adequate instructions, whether the Government will introduce the confession or statement in evidence at the end of its case, and, if so, to what extent the statement will be merely cumulative, or whether there will be confusion on the part of the jury regardless of the provision for examination of any statement in camera.

United States v. Leighton, 265 F.Supp. 27, 33 (D.C.N.Y. 1967).

I conclude that under such circumstances and arguments presented in this case, it would be premature and inappropriate to sever the trial of these defendants at this time based on an unsubstantiated possibility that the United States may offer Lisa McGinn's statements during the defendants' joint trial to the incurable prejudice of Thomas McGinn's right

6

to a fair trial.  See Leighton, 265 F.Supp. at 33.  I shall therefore deny the defendant's motion to sever without conducting an evidentiary hearing or an *in camera* review.

    IT THEREFORE HEREBY IS ORDERED:  The defendant's motion to sever, filing 30, is denied.

    DATED this 25th day of April, 2006.

                                  BY THE COURT:

                                  s/ *David L. Piester*
                                  David L. Piester
                                  United States Magistrate Judge